NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOSE LUIS FRAUSTO, *Appellant*.

No. 1 CA-CR 17-0661
FILED 9-27-2018

Appeal from the Superior Court in Maricopa County
No.  CR 2014-149889-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge James P. Beene joined.

---

**C A M P B E L L,** Judge:

¶1        Jose Luis Frausto timely appeals from his convictions and sentences for two counts of aggravated driving while under the influence of intoxicating liquor or drugs, both class four felonies. After searching the record on appeal and finding no arguable question of law that was not frivolous, Frausto's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), asking this court to search the record for reversible error. This court granted counsel's motion to allow Frausto to file a supplemental brief *in propria persona*, but Frausto did not do so. After reviewing the entire record, we find no reversible error and therefore affirm Frausto's convictions and sentences.

**BACKGROUND**[1]

¶2        Late in the evening, state Trooper Reed was on patrol in downtown Phoenix. Reed observed a tan Infinity with what appeared to be an expired registration sticker. To be sure, Reed slowed his vehicle to allow the car to pass his patrol car. Upon confirmation that the registration had expired, Reed pulled the car over. Reed approached the driver side of the car, and as soon as the driver, Frausto, rolled down his window, Reed noticed a strong smell of alcohol. He further noted the driver had bloodshot and watery eyes. Reed asked Frausto if he had anything to drink, and he admitted to having consumed two or three beers. When Reed asked him for his driver license, Frausto explained it was suspended.

¶3        Based on the multiple indicators of intoxication, Trooper Reed asked Frausto to exit the car and join him on the sidewalk to complete some field sobriety tests. Frausto agreed and, while performing a test, exhibited signs of impairment. Reed then placed Frausto under arrest, and a

---

[1]We view the facts in the light most favorable to sustaining the jury's verdict and resolve all reasonable inferences against Frausto. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

subsequent blood test revealed that he had a blood alcohol concentration between 0.096 and 0.136 within two hours after driving.

¶4        After trial, the jury found Frausto guilty on both counts. After finding that Frausto had two prior felony convictions for aggravated driving under the influence, the court sentenced him to a term of 10 years for each count and awarded 293 days of presentence incarceration credit.[2]

## DISCUSSION

¶5        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Frausto received a fair trial. He was represented by counsel at all stages of the proceedings and was present at all critical stages.

¶6        The evidence presented at trial was substantial and supports the jury's verdicts. The jury was properly comprised of eight members and the court properly instructed the jury on the elements of the charges, Frausto's presumption of innocence, the State's burden of proof, and the necessity of a unanimous verdict. The superior court received and considered a presentence report. Frausto was given an opportunity to speak at sentencing. Frausto's sentences were within the range of acceptable sentences for his offenses.

## CONCLUSION

¶7        We affirm Frausto's convictions and sentences.  Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs

---

[2] The record reflects Frausto should have received 292 days of presentence incarceration credit. Although the trial court erroneously gave Frausto credit for 293 days of presentence incarceration, the error is in Frausto's favor and is, therefore, not fundamental because it did not prejudice him. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that both goes to the foundation of the case and prejudices the defendant).

Frausto of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Frausto has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA